Opinion issued April 4, 2002






 







In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01414-CV






YIGAL I. BOSCH, Appellant


V.


SMETANA 8876 ASSOCIATES, SMETANA ATRIUM CREST ASSOCIATES,
AND SMETANA REALTY ASSOCIATES, Appellees






On Appeal from the 215th District Court

Harris County, Texas

Trial Court Cause No. 2000-05624






O P I N I O N


 Appellant, Yigal I. Bosch, brought suit against several defendants including
appellees, Smetana 8876 Associates, Smetana Atrium Crest Associates, and Smetana
Realty Associates (all referred to hereinafter as Smetana) on a variety of grounds
including breach of contract, fraud, and conspiracy after an office building was sold
to appellees without Bosch's personal approval. The trial court granted Smetana's
motion for summary judgment, and appellant now appeals. We affirm.

Background and Procedural Facts

 Appellant is a limited partner of the 515 North Belt Limited Partnership (the
Partnership) and a shareholder in its general partner, 515 North Belt Realty
Corporation. (1) On April 7, 1998, Smetana purchased the 515 North Belt Office
Building (the office building) from the Partnership for $2,250,000. The office
building was the primary asset of the Partnership. Appellant contends he had no
knowledge of the sale until May 11, 1998, when he received a copy of the closing
statement and a check for $50,000, which was described in an accompanying letter
as being "for the return of his initial capital." Appellant alerted Smetana that he
believed the sale was fraudulent, but later cashed the check on June 1, 1998. 

 Appellant sued Sadique Jaffer, the managing partner, Surinder Rametra, a
limited partner, K.L. Kantu, a limited partner, David C. Reback, the Partnership's
attorney, Smetana, the buyer, as well as the real estate brokers and title company
associated with the transaction. Appellant's petition specifically named Smetana as
a defendant only under his conspiracy and "aiding and abetting" causes of action. 
However, in his brief, appellant states that he sued Smetana for (1) breach of contract,
(2) common law fraud, (3) "aiding and abetting," (4) conspiracy, (5) conversion, and
(6) accounting. 

 Smetana moved for summary judgment, asserting traditional and no-evidence
claims against all causes of action, as well as the affirmative defenses of ratification,
waiver, and bona fide purchase for value. Summary judgment was granted, and
Smetana's motion for severance was also granted. 

Standard of Review

 In an abundance of caution, we will presume that appellant's pleadings present
all the causes of action under which he claims he sued Smetana. Because the trial
court did not state on what grounds it granted summary judgment, we must affirm the
judgment if any one of the theories advanced in the defendant's motion for summary
judgment is meritorious. See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 626
(Tex. 1996).

 We need only address the no-evidence grounds of the motion to affirm the
judgment. Under a no-evidence theory, a party is entitled to summary judgment if,
after adequate time for discovery, there is no evidence of one or more essential
elements of a claim or defense on which an adverse party would have the burden of
proof at trial. Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the
nonmovant produces more than a scintilla of evidence raising a genuine issue of
material fact on each of the challenged elements. See Tex. R. Civ. P. 166a(i); Macias
v. Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex.App.--Houston [1st Dist.] 1999, no
pet.). Less than a scintilla exists when the evidence is so weak that it does no more
than create a mere surmise or suspicion. Lethu Inc. v. City of Houston, 23 S.W.3d
482, 490 (Tex. App.--Houston [1st Dist.] 2000, pet. denied) (quoting Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)). More than a scintilla exists when
the evidence rises to a level that would enable reasonable and fairminded people to
differ in their conclusions. Id. at 490 (quoting Burroughs Wellcome Co. v. Crye, 907
S.W.2d 497, 499 (Tex. 1995)). A fact is material only if it affects the outcome of the
suit under the governing law. Lampasas v. Spring Center, Inc., 988 S.W.2d 428, 433
(Tex.App.--Houston [14th Dist.] 1999, no pet.) (citing Anderson v. Liberty Lobby,
477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986)) (emphasis added). A material fact
is genuine if the evidence is such that a reasonable jury could find the fact in favor
of the nonmoving party, and not genuine if the evidence is not significantly probative. 
Id. (citing Anderson, 477 U.S. at 248, 106 S.Ct at 2510) (emphasis added). In
reviewing a no-evidence summary judgment, we must indulge every reasonable
inference in favor of the nonmovant and resolve any doubts in its favor. Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834
(Tex.App.--Houston [1st Dist.] 1999, no pet.).

Failure to Argue on Certain Causes of Action

 Smetana moved for summary judgment on appellant's causes of action for
conversion, "aiding and abetting," and accounting on both no-evidence and
traditional grounds. On appeal, appellant does not address these causes of action. 
Although appellant's general point of error preserves the opportunity to argue against
all the grounds for the summary judgment, actual arguments must still be made to
avoid waiver. Smith v. Tilton, 3 S.W.3d 77, 84 (Tex. App.--Dallas 1999, no pet.);
cf. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995) (citing Malooly
Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (1970)). We, therefore, affirm the
summary judgment regarding the claims of conversion, "aiding and abetting," and
accounting. 

Breach of Contract

 In his fifth issue, appellant asserts the trial court erred in granting Smetana
summary judgment on his breach of contract claim. Smetana asserted in its
supplemental motion for summary judgment that no evidence had been produced
indicating either that a contract existed between itself and Mr. Bosch, or that any such
contract had been breached. Appellant argues that Smetana's sales contract with the
Partnership to purchase 515 North Belt was really an agreement with him because,
despite having previously resigned, he was still listed in public documents as the
President of North Belt Realty Corporation, the Partnership's general partner. 
Appellant then argues that the contract was breached because Smetana did not
disclose the existence of the contract to him. 

 As noted earlier, this is not a derivative suit made on behalf of the Partnership. 
Appellant's connections to the Partnership do not make the sales contract a contract
with him personally. Appellant has presented no evidence that a contract existed
between himself and Smetana. The trial court correctly granted summary judgment
on the breach of contract claim. 

 We overrule appellant's fifth issue. 

Fraud & Breach of Fiduciary Duties 

 In his sixth issue, appellant claims the trial court erred in granting summary
judgment on his fraud claim. Appellant's eighth issues attacks the summary judgment
against his breach of fiduciary duty claim. Appellant alleged that Smetana breached
a fiduciary duty and committed fraud by failing to notify him about the sale. The
elements of fraud are "(1) that the defendant made a material representation; (2) that
was false; (3) that the defendant knew it was false when made; (4) that the defendant
intended the plaintiff to act upon it; (5) that the plaintiff acted in reliance upon it; 
and (6) thereby suffered injury." Fisher Controls Intern., Inc. v. Gibbons, 911
S.W.2d 135, 140 (Tex. App.--Houston [1st Dist.] 1995, writ denied). Smetana
moved that appellant had produced no evidence that Smetana "made any material
misrepresentations or promises to Bosch that he relied on to his detriment." Smetana
also asserted there was no evidence of any formal or confidential relationship
between it and appellant that would create a fiduciary duty. 

Appellant argues that Smetana committed fraud by concealing information
about the sale from him-information that it had a duty to disclose. Normally, a failure
to disclose information is not actionable as fraud, but when circumstances impose a
duty to speak, and one deliberately remains silent, the silence is equivalent to a false
representation. Id. Generally, no duty of disclosure arises without evidence of a
confidential or fiduciary relationship. Ins. Co. of N. Am. v. Morris, 981 S.W.2d 667,
674 (Tex. 1998).

Appellant contends Smetana owed him a fiduciary duty to read and abide by
the Partnership's limited partnership agreement because they were involved in the
real estate business and Smetana had knowledge of his involvement with the office
building. He relies on Morris for the proposition that confidential relationships may
arise when one party has dealt with another in a certain manner for a long period of
time, such that one party is justified in expecting the other to act in its best interest. 
However, to impose a fiduciary or confidential relationship incident to a business
transaction, the relationship must exist prior to, and apart from, the agreement made
the basis of the suit. Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 177
(Tex. 1997). 

Appellant did not present evidence demonstrating his relationship with
Smetana beyond stating in his affidavit that a former property manager at the office
building had taken a job with Smetana, and, according to appellant, this former
employee had told Smetana about his interest in the building. He also presented a
letter written to Smetana after he learned of the sale, but this letter does not discuss
any prior dealings with them. This evidence does not constitute a scintilla because
it would not enable reasonable and fairminded people to differ in their conclusion
regarding whether a fiduciary or confidential relationship existed. See Lampasas, 988
S.W.2d at 432-33.

We overrule appellant's eighth issue.

Because no fiduciary or confidential relationship existed, Smetana had no duty
in this case to disclose their knowledge of the sale to appellant. Thus, there was no
evidence to establish a fraudulent representation. Summary judgment was properly
granted on the fraud cause of action based on the no-evidence ground. 

We overrule appellant's sixth issue.

Conspiracy

Appellant's seventh issue asserts the trial court erred in granting summary
judgment on his conspiracy claim. Appellant alleged Smetana conspired to hide the
sale from him. Smetana moved for summary judgment on the grounds that no
evidence existed on any of the elements of conspiracy. A conspiracy requires (1) two
or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the
object or course of action, (4) one or more unlawful overt acts, and (5) damages as
the proximate result. Massey v. Armco Steel Co. 652 S.W.2d 932, 934 (Tex. 1983).

Appellant's summary judgment evidence failed to demonstrate one or more
unlawful overt acts. It appears appellant believed that Smetana, his partners, and
others involved in the sale conspired to commit fraud. However, as discussed above, 
summary judgment was properly granted on his fraud claim. Summary judgment was
properly granted on the conspiracy claim based upon the no-evidence ground.

We overrule appellant's seventh issue.

Because we have found that summary judgment was properly granted on all
appellant's causes of action, we need not address his other issues attacking the
affirmative defenses that were alternative grounds for the summary judgment.

We affirm the judgment of the trial court. 




 Michael H. Schneider

 Chief Justice


Panel consists of Chief Justice Schneider and Justices Wilson and Jennings. (2) 

Do not publish. Tex. R. App. P. 47.
1. Appellant sued in both his capacity as an individual and as a limited
partner of the Partnership. A limited partner may bring a derivative
action on behalf of a limited partnership. Tex. Rev. Civ. Stat. Ann.
art. 6132a-1, § 10.01 (Vernon Supp. 2002). However, appellant does
not argue that this is a derivative action and did not name the
Partnership as a party. See id. cmt. ("[T]he partnership must be a party
to the derivative suit . . . ."). Neither has he, as required by statute, set
forth with particularity the effort made to secure initiation of the action
by a general partner or the reason for not making the effort. Tex. Rev.
Civ. Stat. Ann. art. 6132a-1, § 10.03 (Vernon Supp. 2002). Therefore,
the case is treated as a personal action only. See Taufiq ex rel. Patrick
O'Connor & Asso., Inc. v. Harris County Appraisal Dist., 6 S.W.3d 652,
654 (Tex.App.--Houston [14th Dist.] 1999, no pet.). 
2.